# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
March 12, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**KENNETH B. MORGAN,**
**Claimant Below, Petitioner**

**vs.)**    **No. 12-1229** (BOR Appeal No. 2047108)
(Claim No. 2004051696)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER**
**Commissioner Below, Respondent**

**and**

**APPALACHIAN PRECISION**
**HARDWOOD FLOORING,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Kenneth B. Morgan, by John C. Blair, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. The West Virginia Office of Insurance Commissioner, by Anna L. Faulkner, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated September 21, 2012, in which the Board affirmed a March 28, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's July 11, 2011, decision which denied a request to reopen the claim for consideration of an additional permanent partial disability award. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

1

Mr. Morgan injured his back in the course of his employment when he attempted to pull a jammed board from a pile. He was granted a 10% permanent partial disability award for his compensable injury on March 17, 2006. By a letter dated March 2, 2011, Mr. Morgan noted that the time frame for reopening his claim expired on March 17, 2011. He requested that the claim be reopened, because he had suffered a progression or aggravation of his compensable injury. He stated that a physician's report supporting his assertion would be forthcoming. The claims administrator failed to respond to this request. In a second request on July 5, 2011, Mr. Morgan stated that he had undergone surgery in February of 2009 and had since reached maximum medical improvement. He requested that he be referred for an independent medical evaluation. On July 11, 2011, the claims administrator denied the request to reopen the claim for consideration of an additional permanent partial disability award on the grounds that the request was time-barred by West Virginia Code § 23-4-16(a)(2) (2005).

The Office of Judges affirmed the decision of the claims administrator in its March 28, 2012, Order. It determined that pursuant to West Virginia Code § 23-4-16(a)(2), in any claim in which a permanent partial disability award has been granted, a reopening request must be filed within five years of the date of the initial award. The claimant must make an application in writing showing a progression or aggravation of the compensable condition or some other fact or facts which were not considered previously that would entitle the claimant to greater benefits than he or she had already received. West Virginia Code § 23-5-3 (2009). In this case, Mr. Morgan's initial award was granted on March 17, 2006; therefore, he had until March 17, 2011, to file a reopening request. He did file a timely request on March 2, 2011, which was never properly ruled upon by the claims administrator. Pursuant to West Virginia Code of State Rules § 85-1-10.6 (2006), the claims administrator had thirty days in which to make a ruling. The Office of Judges held that because it failed to rule, the claims administrator was barred from arguing that its failure to act removed its jurisdiction to rule on Mr. Morgan's July 5, 2011, reopening request.

In the reopening request, Mr. Morgan noted that he underwent surgery in February of 2009 and had since reached maximum medical improvement. No medical or other evidence was submitted in support of the July 5, 2011, request. The March 2, 2011, request indicated that a physician's report would be forthcoming, but that report was never submitted. The Office of Judges found that other than Mr. Morgan's assertion that he underwent surgery in February of 2009, no other facts or evidence were submitted in support of the reopening application. It was concluded that Mr. Morgan's assertion by itself was not enough to establish a new fact not previously considered. At a minimum, West Virginia Code § 23-5-3 requires evidence which would tend to justify, but not compel, the inference that there was an aggravation or progression of the compensable injury which would entitle the claimant to additional benefits. Furthermore, the Office of Judges determined that even if Mr. Morgan underwent surgery in 2009, there was no evidence to support a finding that the surgery entitled him to greater benefits than he had already received. Accordingly, the Office of Judges held that Mr. Morgan failed to show by satisfactory proof that he was entitled to a reopening of his claim.

The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order in its September 21, 2012, decision. This Court agrees with the

2

reasoning and conclusions of the Board of Review. The Board of Review's decision is supported by the evidentiary record.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  March 12, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II

**DISSENTING:**
Justice Menis E. Ketchum